UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN-MARIE ROBINSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COHEN & SLAMOWITZ, LLP AND )<br>MIDLAND FUNDING, LLC )<br>)<br>Defendant. )<br>_____) | Case No.  1:10-cv-05824-JSR<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Ann-Marie Robinson ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cohen & Slamowitz, LLP ("Cohen") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Cohen is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Midland Funding, LLC, ("Midland") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Cohen.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cohen, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cohen.

13. Cohen uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Midland purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. Midland acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. Midland is thoroughly enmeshed in the debt collection business, and Midland is a significant participant in Cohen's debt collection process.

17. Defendant's failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

18. Plaintiff first learned about this debt when she went to a store to make a purchase and learned that a lien was placed on her bank account.

19. Plaintiff contacted her bank, and was informed that the Defendants were responsible for freezing her account.

20. At that point, Plaintiff had never been contacted by Defendants about the debt.

21. Plaintiff called Defendant to discuss the situation.

22. At no time during that conversation did Defendant inform Plaintiff of her rights pursuant to 1692g, including her right to dispute the debt, nor did they so inform her within 5 days thereafter. (§ 1692g(a)).

23. Defendants also used false, deceptive, or misleading representations or means in connection with collection of a debt, including misrepresenting to Plaintiff that Defendant sent documentation to Plaintiff's employer regarding garnishing her wages and/or freezing her bank account.

24. During the same conversation, Defendant represented to Plaintiff that a "garnishment letter" had been sent to her employer.

25. Plaintiff later spoke to her employer and confirmed that no such letter was ever received. (§ 1692e)).

26. Defendant used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt including freezing Plaintiff's bank account without prior notice. (§ 1692f)).

27. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT COHEN

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Defendant Cohen violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cohen violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT MIDLAND

30. Plaintiff repeats and re-alleges each and every allegation above.

31. Defendant GC violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that GC violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

This 27th day of July, 2010.

ATTORNEYS FOR PLAINTIFF
*Ann-Marie Robinson*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012